**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GEORGE MICHAEL HODGES,

    Petitioner,

-vs-                                                Case No. 8:03-cv-1591-T-30TGW

JAMES V. CROSBY, JR., et al.,

    Respondents.

_____

## ORDER

Petitioner is a Florida Prisoner under sentence of death. Through counsel, Petitioner has filed a Petition for Writ of Habeas Corpus (Dkt. 30) and supporting Memorandum of Law (Dkt. 31). Petitioner is proceeding *in forma pauperis.*

UPON consideration, the Court **ORDERS** that:

1. Respondent shall, within **SIXTY (60) DAYS** hereof, respond to the Petition for Writ of Habeas Corpus (hereinafter "Petition") and show cause why the Petition should not be granted. The response shall respond to the allegations of the Petition. In addition, it shall state whether the Petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also the right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. If it is denied that Petitioner has exhausted his state remedies, the response shall contain, in detail, an explanation of which state remedies are available to the Petitioner.

The response shall also state whether an evidentiary hearing was accorded Petitioner in a court of the state at either the pre-trial, trial, or post-conviction stage. If such an evidentiary hearing was conducted, the response shall state whether a transcript of the proceedings is presently available and, if not, whether and approximately when it may be procured; or, if the transcript is neither available nor procurable, whether a narrative summary of the evidence is available or can be procured within a reasonable time. If the transcript or narrative summary is presently available, or is procurable within the time fixed for filing the response, it shall be filed by the Respondent with the response and the record of the pre-trial, trial, and/or post-conviction proceedings. Otherwise, the response and record shall be filed within that time, and the transcript or narrative summary shall subsequently be procured by the Respondent and filed within **THIRTY (30) DAYS** of the filing of the response.

If the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the briefs on appeal and of the opinion of the appellate court, if any, shall also be filed by the Respondent with the response. In addition, the response shall contain the citation(s) to the state court opinion(s) that is (are) reported. The response shall also state whether or not either United States District Court Judge James S. Moody, Jr., or United States Magistrate Judge Thomas G. Wilson was involved in any of the state court proceedings in the Petitioner's case. Respondent has an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.

Petitioner shall send to counsel for Respondent a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court.

Both parties shall ensure that all transcripts, briefs and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

After Respondent files a response, Petitioner shall have **THIRTY (30) DAYS** to file his reply to Respondent's response.  If Respondent's response incorporates a dispositive motion, *see* Rule 12(b)(6) and Rule 56, Fed. R. Civ. P., and Petitioner does not file a response to said motion within **THIRTY (30) DAYS** after Respondent files his response, the motion will be taken under advisement and an Order entered thereon without further notice.

2.  The **Clerk of the Court** is directed to send a copy of this Order, the Petition (Dkt. 30), and the Memorandum of Law submitted in support thereof (Dkt. 31) to the Respondent. A copy of this Order shall also be served on the Petitioner.

3.   Because the Court has allowed Respondent 60 days in which to respond, motions for an extension of time to respond to the Petition will not be routinely granted.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA:jsh