UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE MICHAEL HODGES,

    Petitioner,

v.                                             Case No. 8:03-cv-1591-T-24TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

This cause is before the Court on Petitioner George Michael Hodge's motion for reconsideration of denial of certificate of appealability (Doc. No. 51) and Hodges' Rule 59(e) motion to alter or amend judgment. (Doc. No. 52). Hodges is a Florida prisoner under sentence of death.

BACKGROUND

On February 22, 2007, this Court denied Hodges' 28 U.S.C. § 2254 petition for writ of habeas corpus and declined to issue a certificate of appealability. Judgment was entered that day. Hodges has now filed the currently pending motions. Respondent has responded to the motions. (Doc. Nos. 53, 54). Neither motion has merit and both will be **denied.**

Motion for Reconsideration of Denial of Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), in order to obtain a certificate of appealability (COA), a habeas petitioner must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). As the Supreme Court explained, to make this substantial showing, a petitioner must prove that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Thus, to warrant issuance of a COA, Hodges must show that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Id.*

Moreover, in order to be entitled to a COA in cases where habeas relief was denied on procedural grounds, Hodges

> . . . must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1265 (11th Cir. 2004) (en banc), *aff'd on other grounds sub nom. Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). A "substantial question" about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. *Slack,* 529 U.S. at 484, 120 S. Ct. at 1604 ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."); *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006)(*per curiam*), *cert. denied*, U.S., 127 S. Ct. 240, 166 L. Ed. 2d 189 (2006); *Lawrence v. Florida*, 421 F.3d 1221, 1225 (11th Cir. 2005), aff'd, 127 S. Ct. 1079, 2007 WL 505972 (U.S. 2007). If the petitioner's contention about the procedural ruling against him is foreclosed by a binding decision--one from the Supreme Court or this Court that is on point--the attempted appeal does not present a substantial question, because reasonable jurists will follow controlling law. *See Lawrence*, 421 F.3d at 1225 ("The district court should not have issued a COA on the statute of limitations issue because binding circuit precedent clearly disposed of the issue.").

*Gordon v. Sec'y, Dep't of Corr.*, ___ F.3d ___, *2007 WL 609788* at *1 (11th Cir., March 1, 2007).

Hodges has made no showing for issuance of a COA, nor can he. Hodges' essentially reargues several of his habeas claims, including: (1) alleged confrontation clause/hearsay violations based on the introduction of the murder victim's statements admitted into evidence during the guilt and penalty phases of his trial; (2) alleged procedural due process violation based on the State's failure to conduct a competency hearing on the day Hodges attempted suicide during the jury's penalty phase deliberations; and (3) alleged ineffective assistance of counsel violations during the penalty phase of his trial. All of Hodges' habeas claims were previously analyzed and rejected by this Court. Hodges has not shown, in the present motion, that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

Rule 59(e) Motion To Alter or Amend the Judgment

The only grounds for granting a Rule 59(e) motion are "newly-discovered [previously unavailable] evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Rule 59(e) may not be used to relitigate a claim. *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). Moreover, Rule 59 motions "should not be used to raise arguments which could, and should, have been made before the judgment was issued." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).[1]

---

[1] As noted in *Mincey*, 206 F.3d at 1137 n.69, the " 'function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment. . . . [i]t is not an abuse of the court's discretion to deny a Rule 59(e) motion that requests an amendment that relates to a matter "that could have been raised before the judgment was entered. . . . [t]he moving party will not prevail on a Rule 59(e) motion that introduces previously unsubmitted evidence absent a showing that the evidence was unavailable at the time of the judgment.' " (internal citations omitted) *Id.,* 206 F.3d at 1137.

Hodges asserts that his Rule 59(e) motion "does not and cannot raise all arguments that Petitioner has..." (Doc. 52 at p. 2). However, contrary to Hodges' attempt to preserve some unidentified claims, arguments that are not specifically presented are deemed abandoned. *See, e.g., Jones v. Campbell*, 436 F.3d 1285, 1303 (11th Cir. 2006)(citing *Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) (noting that in cases on appeal, "[i]ssues not clearly raised in the briefs are considered abandoned.").

Hodges' current claims under Rule 59(e) – that this Court allegedly overlooked asserted facts and arguments – are based on the same arguments and documents cited by the parties in their prior pleadings. Hodges' Rule 59(e) motion (Doc. 52) appears to track the same arguments, and sequence, that Hodges set out in his reply to Respondent's response. (Doc. 41).

For example, Hodges' Rule 59(e) motion first addresses the harmless error standard (as applied to the introduction of the victim's hearsay statements during the guilt phase), and Hodges cites to *Chapman v. California*, 386 U.S. 18, 24 (1967) and *Brecht v. Abrahamson*, 507 U.S. 619 (1993). (Doc. 52 at pp. 2-4). Like his current Rule 59(e) motion (Doc. 52), Hodges' reply also began with the harmless error standards of *Chapman* and *Brecht* (Doc. 41 at pp. 1-2). Hodges' current Rule 59(e) motion simply repeats many of the same harmless error arguments, and citations presented in Hodges' reply. (Compare Doc. 52 at pp. 2-4 and Doc. 41 at pp. 8-12). Furthermore, to the extent that Hodges continues to rely on *Chapman,* (Doc. 52 at footnote 2), his argument is foreclosed by Eleventh Circuit precedent. *See, Grossman v. McDonough*, 466 F.3d 1325, 1339 (11th Cir. 2006) (noting that in a habeas corpus proceeding under 28 U.S.C. § 2254, the federal court must analyze

the petitioner's confrontation clause claim under the *Brecht* harmless error standard of review: whether the Confrontation Clause error alleged "had substantial and injurious effect or influence in determining the jury's verdict." *Id.*(citing *Brecht*, 507 U.S. at 623).[2]

Next, Hodges' Rule 59(e) motion summarily renews his hearsay/penalty phase evidentiary claims. (Doc. 52 at p. 4, paragraph 4). However, the Florida Supreme Court is the final arbiter of Florida evidentiary law, and federal courts must respect that law absent a constitutional violation. *Breedlove v. Moore*, 279 F.3d 952, 963 (11th Cir. 2002). Thus, a federal habeas court may not issue a writ of habeas corpus on the basis of a state's interpretation of its own laws and rules, absent extreme circumstances. *Id.*(citing, *inter alia*, *Pulley v. Harris*, 465 U.S. 37, 42 (1984)).

Hodges further asserts that this Court erred in relying on *Davis v. Washington*, 126 S. Ct. 2266 (2006) and concluding that Hodges "forfeited his constitutional right to confrontation by killing Betty Ricks." (Doc. 52 at p. 5, citing Order, Doc. 48 at p. 12). Hodges claims that this ruling failed to accord him the presumption of innocence. However, this Court's application of the forfeiture-by-wrongdoing rule in rejecting Hodges' hearsay/penalty phase claims occurred after the jury's guilty verdict, *i.e.*, when the presumption of innocence no longer existed.

Next, Hodges' renews his procedural due process/competency arguments predicated on *Drope v. Missouri*, 420 U.S. 162, 181 (1975) and *Pate v. Robinson*, 383 U.S. 375, 385

---

[2] With regard to the underlying admission of the victim's hearsay statements during the guilt phase, the Respondent, in his response to Hodges' Rule 59(e) motion, contends that the victim's statements were admissible during the guilt phase under the state of mind exception, a firmly rooted exception to the hearsay law. *See, Horton v. Allen*, 370 F.3d 75, 85 (1st Cir. 2004); *Evans v. Luebbers*, 371 F.3d 438 (8th Cir. 2004); *Hayes v. York*, 311 F.3d 321, 324-25 (4th Cir. 2002)(Confrontation Clause not violated when court admitted declarations made by murder victim to friends and family under state of mind exception because exception is firmly rooted).

- 5 -

(1966), and he also seeks to distinguish *Moore v. Campbell*, 344 F.3d 1313, 1321-24 (11th Cir. 2003). (Doc. 52 at pp. 6-7). Hodges' Rule 59(e) motion essentially renews Hodges' prior arguments from his reply. (Compare, Doc. 52 at pp. 6-7 and Reply, Doc. 41 at pp. 21-23).

At page 8 of Hodges' Rule 59(e) motion, Hodges argues that *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1144 (11th Cir. 2005) was incorrect in concluding that *Drope* "embraces the idea that a competency hearing may be 'deferred until the end of trial.'" However, even if his argument had any merit, this Court cannot change Eleventh Circuit precedent. Respondents specifically relied upon *Diaz* in their response (Doc. 39 at pp. 67-68); however, Hodges did not assert any argument in reply to *the Diaz* argument. A "Rule 59(e) motion may not be used to raise arguments which could, and should, have been made before the judgment was issued." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) [noting that the denial of a Rule 59 motion raising new arguments is "especially soundly exercised when the party has failed to articulate any reason for the failure to raise [an] issue at an earlier stage in the litigation." *Id.*(quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)].

At page 9 of Hodges' Rule 59(e) motion, Hodges repeats his prior arguments concerning Hodges' attempted suicide as a voluntary waiver, and he again argues that reliance on *Moore v. Campbell* is misplaced. (Compare Doc. 52 at pp. 9-10 and Doc. 41 at pp. 23; 26-27). Hodges is attempting improperly to relitigate prior arguments. *Minsey, supra*.

At pages 10-11 of his Rule 59(e) motion, Hodges faults this Court's rejection of his ineffective assistance of counsel/penalty phase claims and he summarily directs this Court to his prior petition, memorandum, and reply. Hodges' arguments, both factual and legal, essentially mirror his prior pleadings. (Compare Rule 59(e) motion, Doc. 52, at pp. 10-11 and Memo, Doc. 31, at pp. 46-47, 50).

Finally, at pages 11-12 of his Rule 59(e) motion, Hodges criticizes the disposition of his ineffective assistance of counsel /penalty phase claims under the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). Hodges' current arguments are virtually identical to his prior pleadings. (Compare Doc. 52 at pp. 11-12 and Doc. 31 at pp. 55-56). A motion to alter or amend should not be used to relitigate prior arguments. *Minsey, supra.*

Accordingly, the Court orders:

1. That Hodges' motion for reconsideration of denial of certificate of appealability (Doc. No. 51) is denied.

2. That Hodges' Rule 59(e) motion to alter or amend judgment (Doc. No. 52) is denied.

ORDERED at Tampa, Florida, on March 27, 2007.

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

- 7 -